UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TOMMY NAVARRETTE,

    Plaintiff,

v.

ALAMEDA COUNTY SHERIFF'S OFFICE, et al.,

    Defendants.

Case No. 22-cv-01147-PJH

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

Re: Dkt. Nos. 2, 3, 5

Plaintiff, a former detainee, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must

be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff states that he was not compensated for a jail job and he challenges the working conditions.

Prisoners have no constitutional right to be paid for their services.  *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (citing *Piatt v. MacDougall*, 773 F.2d 1032, 1035 (9th Cir. 1985) (no deprivation of liberty interest when prisoner forced to work without pay, nor does requiring such work subject prisoner to involuntary servitude in violation of the Thirteenth Amendment)).  They also have no right to tenure in their prison jobs.  *Lyon v. Farrier*, 727 F.2d 766, 769 (8th Cir. 1984).  Therefore, whatever liberty or property interests inhere in prison employment are the product of state law.  *See id*.

Further, prisoners generally are not protected by federal or state labor laws, since the economic realities of prison employment seldom make them "employees" entitled to such protections.  *See Morgan v. MacDonald*, 41 F.3d 1291, 1293 (9th Cir. 1994) (prisoner working under state statute requiring 40 hours weekly work or training not "employee" under FLSA); *see also Hale v. Arizona*, 993 F.2d 1387, 1392-98 (9th Cir.) (en banc) (prisoners working under state program requiring hard labor not "employees"), *cert.*

*denied*, 510 U.S. 946 (1993); *Castle v. Eurofresh, Inc.*, 731 F.3d 901, 908 (9th Cir. 2013) (prisoner working for prison contractor not employee under ADA because his labor belongs to state); *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1331 (9th Cir. 1991) (no employment relationship since labor belongs to institution).

Plaintiff accepted a job at the jail where he was detained and argues that there was no monetary compensation or any other benefit to working. He takes issues with the approximate seven-hour workdays that were required and that he had to be on call. He challenges the work culture and states that jail staff often favored other inmate employees and he was treated cruelly. Plaintiff was informed that he could quit if he objected to the job. Pursuant to the legal standards set forth above, plaintiff's allegations fail to state a federal claim. To the extent plaintiff argues there were violations of state law, he must seek relief in state court.

He will be provided one opportunity to amend to state a federal claim. If plaintiff files an amended complaint, he must set forth his claims and briefly describe how the named defendants violated his rights. **An amended complaint may not exceed twenty-five pages**.

## CONCLUSION

1. Plaintiff's motion to proceed in forma pauperis (Docket Nos. 2, 5) are **GRANTED**. Plaintiff's motion for a permanent restraining order (Docket No. 3) is **DENIED** without prejudice. If plaintiff is able to present cognizable federal claims, he may refile the motion and address claims that have been brought in the complaint.

2. The complaint is **DISMISSED** with leave to amend. An amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. **An amended complaint may not exceed twenty-five pages**. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original

complaint by reference.

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 14, 2022

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge